IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

National Association for Gun Rights, Incorporated; Texas Gun Rights, Incorporated; Patrick Carey; James Wheeler; Travis Speegle,

Plaintiffs-Appellees,

v.

Merrick Garland, U.S. Attorney General; United States Department of Justice; Steven Dettelbach, In his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; Bureau of Alcohol, Tobacco, Firearms, and Explosives,

Defendants-Appellants.

No. 23-11138

**UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFS**

The government respectfully requests that the Court order the parties to file supplemental briefs in this appeal not to exceed 2,500 words each, with the government's brief due on July 12 and plaintiffs' brief due July 26, to address the effect of the Supreme Court's decision in *Garland v. Cargill*, No. 22-976 (June 14, 2024).

1. This case addresses whether certain firearms components known as "forced reset triggers" are "machinegun[s]" as defined under Federal law. 26 U.S.C. § 5845(b).

Briefing in this case concluded on April 5, 2024, and oral argument is scheduled for August 7, 2024.

2. A central focus of the district court's analysis and the original briefs filed in this appeal has been this Court's en banc decision in *Cargill v. Garland*, 57 F.4th 447 (5th Cir. 2023) (en banc), which also addressed the meaning of "machinegun" in § 5845(b). The Supreme Court granted certiorari in *Cargill* in November of 2023. On June 14, the Supreme Court issued an opinion in *Cargill* interpreting the definition of "machinegun" in § 5845(b).

3. The government respectfully requests that this Court order the filing of supplemental briefs, not to exceed 2,500 words each, regarding the effect of the Supreme Court's *Cargill* decision on this appeal. The government further requests that the Court order that the government's supplemental brief be filed no later than July 12, and that plaintiffs' supplemental brief be filed no later than July 26.

4. Supplemental briefing would assist the Court because *Cargill* marks the first time the Supreme Court has opined at length on the proper interpretation of the definition of a "machinegun" under Federal law, and that analysis is relevant here.

5. We have consulted with counsel for plaintiffs. They have stated that they do not oppose this motion and likewise do not oppose the schedule proposed above.

Respectfully submitted,

MARK B. STERN

/s/ *Brad Hinshelwood*

BRAD HINSHELWOOD
(202) 514-7823
Attorneys, Appellate Staff
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Room 7256
Washington, D.C. 20530

JUNE 2024

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 313 words. This document was prepared using Microsoft Word 2013 in Garamond, 14-point font, a proportionally-spaced typeface.

/s/ *Brad Hinshelwood*
Brad Hinshelwood